MAY, J.
The plaintiff appeals an adverse summary judgment. He argues that genuine issues of material fact remain, precluding entry of summary judgment. We agree and reverse.
The plaintiff works for Florida Power and Light (FP & L). He filed a complaint, alleging he was injured in an accident on June 25, 1998, while driving an FP & L vehicle that had been inspected by Mr. Kramer, an employee of J & J Automotive Corporation (J & J), the defendant. His theory was that Kramer negligently inspected the vehicle, which resulted in the accident.
J & J moved for summary judgment. It asserted that Kramer was a “borrowed servant” of FP & L, and as such, both he and his employer (J & J) would be entitled to the protection of FP & L’s worker’s compensation immunity. The trial court agreed and granted the motion.
The plaintiff filed deposition testimony in opposition to the motion. It revealed the FP & L vehicle in question is inspected and serviced at its Gulfstream Service Center. While previously employed by Casso’s Garage, Kramer worked at Gulf-stream. When Casso’s Garage closed, FP & L’s manager asked Kramer to work at Gulfstream permanently. He sent Kramer to J & J, which then hired Kramer to *1168 work exclusively at the Gulfstream Service Center.
While Kramer was employed by J & J, FP & L employees trained and supervised him. He received his work assignments from either FP & L technicians or them supervisor. Kramer wore a J & J uniform and was paid by J & J, but reported his hours to an FP & L employee. J & J carried worker’s compensation and liability insurance covering Kramer.
The written contract between FP & L and J & J provided:
The contractor [J & J] is, at all times, and shall remain an independent contractor with the sole responsibility for the method, means and manner for completing the work. It is the contractor’s responsibility to interview, hire, terminate, promote, establish wages and benefits, schedule, grant time off, provide non-technical direction and discipline and perform all other personnel/employee relation functions relative to the employees and the employees to fulfill the requirements of this contract. It is agreed that FP & L is not the employer of the contractor’s employees and therefore shall have no roll [sic] with respect to such personnel/employee relation functions.
Paragraph 1.3 further provided:
The supplier [J & J], at all times, shall remain an independent contractor and not a sub-contractor, agent or employee of FP & L, is solely responsible for completing its work under this contract with full power and authority to select the methods, means and manner of performing such work.... FP & L retains no control or direction over supplier, its employees and its sub-contractor or over the detail, manner or methods of the performance by supplier, its employees and its sub-contractors.
It also stated: “This contract is intended as the complete and exclusive statement of the agreement between the parties. The parties agree that parol or extrinsic evidence shall not be used to vary or contradict the express terms of this Contract. ...”
The plaintiff argues the contract between J & J and FP & L dictates that Kramer is an employee of J & J solely. He alternatively contends a genuine issue of material fact exists as to whether Kramer is a borrowed servant of FP & L. We agree that a genuine issue of material fact exists on the borrowed servant issue, precluding summary judgment.
The party moving for summary judgment must draw all inferences in favor of the non-moving party and conclusively prove an absence of genuine issues of material fact. See Holl v. Talcott, 191 So.2d 40 (Fla.1966). “If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.” Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). There are three factors to consider when analyzing a borrowed servant issue: (1) whether an express or implied contract exists between the employee and the alleged special employer; (2) whether the work performed at the time of the injury was essentially that of the alleged special employer; and (3) whether the alleged special employer had the power to control the details of work being done. Shelby Mut. Ins. Co. v. Aetna Ins. Co., 246 So.2d 98, 101 (Fla.1971). In applying these factors to this case, one thing is clear: genuine issues of material fact remain. The court erred in entering summary judgment against the plaintiff in this case. See Der *1169 ogatis v. Fawcett Mem’l Hosp., 892 So.2d 1079 (Fla. 2d DCA 2004).
GUNTHER and KLEIN, JJ., concur.